**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NEW SENSATIONS, INC., <br><br> *Plaintiff*, <br> v. <br><br> DOES 1 – 46, <br><br> *Defendants*. | CIVIL ACTION No.: 1:12-cv-10803 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Plaintiff, NEW SENSATIONS, INC. ("Plaintiff"), for its Complaint against Defendants Doe 1 through Doe 46 (collectively referred to as "Defendants"), alleges as set forth below.

**NATURE OF THE CLAIM, JURISDICTION AND VENUE**

1.      This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 etc. This Court has jurisdiction under 17 US.C. §101 et seq., 28 US.C. § 1331 (federal question), and 28 US.C. § 1338(a) (copyright).

2.      Venue in this District is proper under 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, each Defendant may be found in this District (See **Exhibit D**. (listing the believed State of residence for each John Doe)) and/or a substantial part of the alleged events occurred and/or have a significant effect within this District. Plaintiff has used its best efforts to ensure that all Defendants identified reside or can be found in the geographic area of this Court. As explained below and in the attached **Exhibit B**, <u>Declaration of Jon Nicolini</u>, Plaintiff has used its best efforts to identify Defendants only in the geographic location of the Court, and has cross-referenced the data with commercially available databases to ensure that all Defendants reside in the District. Such technology to identify

1

the location of such Defendants is considered very accurate, but not necessarily accurate in all cases.

3. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as the exclusive rights owner, intentionally and willfully distributed, and offered to distribute over the Internet, copyrighted works for which Plaintiff has exclusive rights. In addition, each Defendant contracted with an Internet Service Provider (ISP) found in this District to provide each Defendant with access to the Internet. Therefore, venue in this Court is proper in accordance with 28 U.S.C. § 1400(a).

4. To ensure that venue and jurisdiction are proper, Plaintiff, through its agents and representatives, has undertaken efforts to only identify alleged infringers who are within or near the geographic location of the Court. See **Exhibit B**, Declaration of Jon Nicolini; see **Exhibit D**, Listing of the Believed State of Residence for Each John Doe.

## JOINDER

5. Pursuant to Fed.R.Civ.P. 20(a)(2), the Defendants have been properly joined, as set forth in detail below and in **Exhibit B**, because Plaintiff alleges that all Defendants have traded (uploaded and downloaded) the exact same file of the copyrighted works in related transactions through BitTorrent software. The Defendants were identified through the use of forensic software. Plaintiff, through its agents and representatives, has taken steps to confirm that all Defendants have in fact engaged in a series of related transactions or occurrences. As described below, all Defendants identified in **Exhibit A** (i) traded exactly the same file of the copyrighted work as shown by the identical hash mark; (ii) traded (simultaneously uploaded and downloaded) the exact same file as is the nature of BitTorrent software; (iii) did so within a limited period of time; and (iv) collaborated as a group of uploaders to speed the completion of each download of file. See

**Exhibit B**, Declaration of Jon Nicolini. Further, Plaintiff has used its best efforts to only identify Defendants who are within the geographic location of the Court, as explained in the Complaint and the Declaration of Jon Nicolini. See **Exhibit B**, Declaration of Jon Nicolini; see **Exhibit D**, Listing of the Believed State of Residence for Each John Doe.

### GENERAL ALLEGATIONS

6. Plaintiff, NEW SENSATIONS, INC., is a Corporation duly formed and existing under the laws of California.

7. The true names of Defendants are unknown to the Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his, her or its Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant, together with the date and time at which his, her or its infringing activity was observed and the hash value of the file, is included on **Exhibit A** which is attached hereto. The technology used to identify each Defendant is explained in **Exhibit B**. On information and belief, Plaintiff states that information obtained in discovery will lead to the identification of each Defendants' true names and addresses and will permit Plaintiff to amend this Complaint to state the same.

8. The Motion Picture "Seinfeld #2 A XXX Parody" (the "Motion Picture") was produced by Plaintiff and released on August 2, 2010. The copyright was registered on September 27, 2010. The Copyright Registration Number is PA0001703737. See **Exhibit C**. It is widely available and offered as a DVD through various vendors, including www.cduniverse.com for $25.59 .

9. The BitTorrent protocol makes home computers with low bandwidth capable of participating in large data transfers across so-called "Peer-to-Peer" (P2P) networks. The first file-provider decides to share a file ("seed") with a BitTorrent network.

Then other users ("peers") within the network connect to the seed file for downloading. As additional peers request the same file, they become part of the same network. Unlike a traditional P2P network, each new peer receives a different piece of the data from each peer who has already downloaded the file. This system of multiple pieces of data coming from peers is called a "swarm." As a result, every downloader is also an uploader of the illegally transferred file and is simultaneously taking copyrighted material through many ISPs in numerous jurisdictions around the country.

10. Once a participant in these downloading and uploading transactions becomes a peer, the software reassembles the file and the peer can view the Motion Picture. Once a peer has downloaded the complete file, that peer becomes an additional seed because he or she continues to distribute the torrent file (here: the copyrighted Motion Picture).

11. In this case, all Defendants have not only swapped the same copyrighted work, <u>they have swapped the exact same file</u>. The devices connected to all IP addresses identified in **Exhibit A** have utilized the same exact hash mark (a 40-character hexadecimal string which through cryptographic methods clearly identifies the Release, comparable to a forensic digital fingerprint) which establishes them as having taken part in the same series of transactions. All alleged infringers downloaded the exact same copyrighted work while trading in the same torrent file, as identified by hash mark: cf985f3eba448a044a643dca6d48cee084fe8691.

12. While Defendants engaged in this downloading and/or uploading of the file, they exposed their IP address to the public. With BitTorrent software, one can see the IP address of the various computers that one is connected to, and which are sharing files in cooperation with, one's own computer.

13.     Through the use of BitTorrent technology, the Defendants in this case engaged in deliberate distribution of unlawful copies of the Motion Picture. Moreover, the Defendants in this case engaged in a series of related transactions, because they all downloaded the exact same file (not just the same copyrighted work), within a limited period of time. Furthermore, because of the nature of BitTorrent software, they engaged in a series of related transactions because in order to download a movie (or parts of it), one must permit other users to download and/or upload the file from one's own computer. Thus, the Defendants were simultaneously trading (downloading and/or uploading) the exact same file during a limited period of time.

14.     By using geo-location technology and referencing the tracking data with other databases, Plaintiff has attempted to ensure that the IP addresses are likely within the geographic location of the Court. See **Exhibit D**, Listing of the Believed State of Residence for Each John Doe. Plaintiff has also used its best efforts to only identify Defendants who are within the geographic location of the Court, as explained in this Complaint and **Exhibit B**, Declaration of Jon Nicolini. The time period during which the identified illegal downloads occurred is limited to ensure commonality amongst the Defendants. The Defendants so identified downloaded the identical copyrighted work as part of the same series of transactions or occurrences and are thus specifically and directly related.

## COUNT I
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 ET SEQ.

15.     Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-14, above.

168

16. Plaintiff is a motion picture production company. Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the Motion Picture at issue.

17. The Motion Picture is an original work that is copyrighted under United States law. The Motion Picture is the subject of a Copyright Registration, and Plaintiff owns that registration. The title of the Motion Picture and its copyright registration number are included in **Exhibit C**. Thus, Plaintiff is entitled to statutory remedies of the U.S. Copyright Act of 1976.

18. Plaintiff has either published or licensed for publication all copies of the Motion Picture in compliance with the copyright laws.

19. **Exhibit A** identifies each Defendant (one Defendant per row in the table set out in **Exhibit A**) that has, without the permission or consent of the Plaintiff, reproduced and distributed to the public at least a substantial portion of the Motion Picture. That is, each Defendant listed in **Exhibit A** has, without permission or consent of Plaintiff, reproduced and distributed to the public at least a substantial portion of Plaintiff's copyrighted Motion Picture.

20. **Exhibit A** also sets out the Internet Protocol ("IP") address associated with each respective Defendant, the identity of the Internet Service Provider (often referred to as an "ISP") associated with the IP address, the last-observed date and time ("Timestamp") that the infringement by that Defendant of Plaintiff's copyright in the Motion Picture was observed and the software protocol used by the Defendant. It also shows the hash value of the file so traded, which shows that each Defendant traded exactly the same file.

21. Further, Plaintiff is informed and believes that each of the Defendants, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system (sometimes referred to as a "peer to peer" network or a "P2P"

network) to reproduce at least one copy of the Motion Picture, and to distribute to the public, including by making available for distribution to others, copies of the Motion Picture. In doing so, each Defendant has violated, and continues to violate, Plaintiff's exclusive rights of reproduction and distribution protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), including under 17 U.S.C. § 106(1) and (3).

22.	Each Defendant has acted in cooperation with the other Defendants by agreeing to provide, and actually providing, on a P2P network, an infringing reproduction of at least substantial portions of Plaintiff's copyrighted Motion Picture, in anticipation of the other Defendants doing likewise with respect to that work and/or other works. Further in this regard, all the Defendants have engaged in a related series of transactions to engage in unlawful reproduction and distribution of Plaintiff's copyrighted Motion Picture. Each Defendant traded the exact same file.

23.	Each of the Defendant's acts of infringement have been willful, intentional, and in disregard of, and with indifference to, the rights of Plaintiff. The technology used to identify each Defendant is explained in **Exhibit B.**

24.	Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the Motion Picture. In addition, discovery may disclose that one or more of the Defendants obtained profits as a result of such infringement.

25.	As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to monetary relief pursuant to 17 U.S.C. § 504, which may include Plaintiff's damages caused by each Defendant and each Defendant's profits and/or statutory damages, and to Plaintiff's attorney fees and costs pursuant to 17 U.S.C. § 505.

26.     The conduct of each Defendant has caused, is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all copies of the copyrighted motion pictures made in violation of the Plaintiff's copyrights.

**COUNT II**

**CONTRIBUTORY INFRINGEMENT**

27.     Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-26, above.

28.     Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the Motion Picture at issue.

29.     Through use of BitTorrent software and the process described above, each Defendant copied the constituent elements of the copyrighted work. Further, each Defendant traded not just the same copyrighted work, but the exact same file, as shown by the identical hash value.

30.     By participating in the file swapping with the other Defendants, each Defendant induced, or caused, or materially contributed to the infringing conduct of the other Defendants.

31.     Each Defendant knew, or should have known, that other BitTorrent users (Defendants) involved in the file swapping were infringing upon Plaintiff's copyrighted work. Each Defendant directly participated in the series of uploading and downloading of

the exact same file and therefore materially contributed to each other Defendant's infringing activities.

32.     Each Defendant's contributory infringements were committed willfully and within the meaning of 17 U.S.C. § 504(c)(2).

33.     As a result, Plaintiff has suffered damages that were proximately caused by each of the Defendants. Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the Motion Picture. In addition, discovery may disclose that one or more of the Defendants obtained profits as a result of such infringement.

34.     The conduct of each Defendant has caused, is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated nor measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all copies of the copyrighted motion pictures made in violation of the Plaintiff's copyrights.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that the Court enter judgment against each Defendant as follows:

A. For a judgment that such Defendant has infringed Plaintiff's copyright in the Motion Picture;

B. For entry of preliminary and permanent injunctions providing that such Defendant shall be enjoined from directly or indirectly infringing the Plaintiff's rights in the Motion Picture, including, without limitation, by using the Internet to reproduce or copy the Motion Picture, to distribute the Motion Picture, or to make the Motion Picture

available for distribution to anyone, except pursuant to a lawful license or with the express authority of Plaintiffs;

C. For entry of preliminary and permanent mandatory injunctions providing that such Defendant shall destroy all copies of the Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

D. For entry of judgment that such Defendant shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

E. For entry of judgment that such Defendant shall pay Plaintiff's costs;

F. For entry of judgment that such Defendant shall pay Plaintiff's reasonable attorney fees; and

G. For entry of judgment that Plaintiff have such other relief as justice may require and/or as otherwise deemed just and proper by this Court.

Respectfully submitted on May 4, 2012,

                                               FOR THE PLAINTIFF:

                                               Marvin Cable, Esq.
                                               BBO#: 680968
                                               LAW OFFICES OF MARVIN CABLE
                                               P.O. Box 1630
                                               Northampton, MA 01061
                                               P: (413) 268-6500
                                               F: (413) 268-6500
                                               E: law@marvincable.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 4, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                  */s/ Marvin Cable*
                  Marvin Cable, Esq.

## **EXHIBITS:**

**Exhibit A** – Table of Last-Observed Infringements by Defendants of Plaintiff's Copyright in the Motion Picture.

**Exhibit B** – Declaration of Mr. Jon Nicolini, explaining the technology used to identify the alleged copyright infringers.

**Exhibit C** – Copyright registration record of the Motion Picture at issue.

**Exhibit D** – Believed State of Residence for Each John Doe

# EXHIBIT A:
## TABLE OF LAST-OBSERVED INFRINGEMENTS BY DEFENDANTS OF PLAINTIFF'S COPYRIGHT IN THE MOTION PICTURE.

# EXHIBIT B:
## DECLARATION OF JON NICOLINI
*EXPLAINING THE TECHNOLOGY USED TO IDENTIFY THE ALLEGED COPYRIGHT INFRINGERS*

# EXHIBIT C:
## COPYRIGHT REGISTRATION RECORD OF THE MOTION PICTURE AT ISSUE

# EXHIBIT D:
# BELIEVED STATE OF RESIDENCE FOR EACH JOHN DOE